**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JL FRIAR, | ) |
|     Plaintiff, | ) CASE NO. 1:25-cv-6291 |
| | ) |
| v. | ) |
| | ) |
| PROCTER & GAMBLE MANUFACTURING | ) |
| COMPANY, OBAIDALLA HEFEIDA | ) |
|     Defendants. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, JL FRIAR, by and through his attorney, **PINKSTON LAW GROUP, P.C.**, and for his Complaint against Defendants, **THE PROCTER & GAMBLE MANUFACTURING COMPANY** and **OBAIDALLA HEFEIDA**, states as follows:

**NATURE OF THE ACTION**

1. This is an action for race and color discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.; age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq.; retaliation in violation of both Title VII and the ADEA; failure to promote, wrongful termination in violation of public policy, and tortious interference with a business expectancy.

**JURISDICTION AND VENUE**

2. Jurisdiction is proper under 28 U.S.C. § 1331, as this case arises under federal law and 28 U.S.C. § 1367 for supplemental jurisdiction.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, and Defendant conducts business in this district.

4. Plaintiff has exhausted all administrative remedies, including filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right to Sue and files this action within 90 days of receipt.

## PARTIES

5. Plaintiff JL FRIAR is a 53-year-old African American man who resides in Zion, Illinois, within Lake County, which is in the Northern District of Illinois.

6. Defendant, THE PROCTER & GAMBLE MANUFACTURING COMPANY ("Procter & Gamble"), is a corporation doing business in Illinois with a facility located at 3500 16th Street, North Chicago, Illinois 60064.

7. Defendant, OBAIDALLA HEFEIDA at all relevant times was the Company's then-Director of Operations, who Plaintiff reported to.

## FACTUAL ALLEGATIONS

8. Plaintiff began his employment with Defendant, Procter & Gamble, in December 2018 as a Plant Technician and remained in that role until his unlawful termination on or about June 7, 2023.

9. During his employment, Plaintiff consistently performed his duties in a competent and professional manner.

2

10. He received multiple accolades and was publicly recognized by the company, including a feature on its LinkedIn page.

11. At all relevant times, Plaintiff met or exceeded Defendant's legitimate performance expectations.

12. After a change in management, Plaintiff's new supervisor, Manager OBAIDALLA HEFEIDA (hereby know as "Obi"), began subjecting him to discriminatory and retaliatory treatment.

13. This included interfering with Plaintiff's compensation and advancement by blocking wage increases and promotion opportunities.

14. Plaintiff was further targeted through the issuance of baseless disciplinary actions designed to undermine his performance and professional standing.

15. In early 2023, Plaintiff lodged complaints with Human Resources regarding Manager Obi's discriminatory behavior, including harassment and intimidation.

16. Rather than taking corrective action, Human Resources (HR) redirected Plaintiff back to the very manager who was the subject of his complaints.

17. Plaintiff, an African American man over the age of 40, is a member of protected classes under Title VII and the ADEA.

18. Following his injury on the job, Plaintiff was evaluated by the company's medical personnel and was directed to take the remainder of the day off to recover.

19. Upon his return, Plaintiff was issued a disciplinary write-up that cited the injury and included additional fabricated allegations.

20. Plaintiff refused to sign the document and reported the matter to both site and corporate HR, identifying the conduct as retaliatory and harassing.

21. Despite assurances from Corporate HR that retaliation would not occur, Plaintiff was soon issued another disciplinary citation—a purported "safety violation"—and was terminated shortly thereafter.

22. Prior to Manager Obi's involvement, Plaintiff had maintained a strong performance record.

23. Obi's conduct toward Plaintiff included overtly demeaning language, disparate disciplinary enforcement, exclusion from opportunities for advancement, and attempts to isolate him within the workplace.

24. Plaintiff was told directly by Manager Obi that he would be blocked from promotion consideration and denied access to the calibration panel—privileges afforded to similarly situated non-African American employees.

25. Defendant failed to conduct any meaningful investigation into Plaintiff's complaints and took no action to correct or prevent further discrimination and retaliation.

26. Plaintiff's termination occurred within days of his protected activity, including filing formal complaints of race-based discrimination and participating in an internal HR inquiry.

27. Similarly situated employees outside Plaintiff's protected classes—specifically non-African American and younger workers—were not disciplined or terminated under similar circumstances.

28. Defendant's actions were pretextual and carried out with reckless disregard for Plaintiff's federally protected rights.

29. As a result of Defendant's unlawful conduct, Plaintiff suffered significant economic harm, emotional distress, reputational damage, and other compensable injuries.

**COUNT I – RACE AND COLOR DISCRIMINATION**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.,)**
Plaintiff Against The Procter & Gamble Manufacturing

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Plaintiff was subjected to adverse employment actions on the basis of his race and color, including heightened scrutiny, exclusion from advancement, and termination.

32. Defendant's conduct violated Title VII of the Civil Rights Act of 1964.

33. As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic damages including lost wages and benefits, and non-economic damages including emotional distress, mental anguish, embarrassment, humiliation, and damage to his professional reputation.

**COUNT II – AGE DISCRIMINATION**
**(ADEA – 29 U.S.C. § 621 et seq.)**
Plaintiff Against The Procter & Gamble Manufacturing

34. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

35. At all relevant times, Plaintiff JL Friar was over the age of 40, and therefore a member of the protected class under the Age Discrimination in Employment Act ("ADEA").

36. Plaintiff's age was a motivating factor in Defendant's decision to take adverse employment actions against him, including disparate treatment, heightened scrutiny, denial of advancement opportunities, and termination.

37. Defendant treated younger employees more favorably under similar circumstances, including by not subjecting them to manufactured discipline or blocking their promotions.

38. Defendant's conduct was willful, malicious, and in reckless disregard of Plaintiff's rights under the ADEA.

39. Defendant discriminated against Plaintiff on the basis of age by subjecting him to differential treatment and ultimately terminating his employment.

40. As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic damages including lost wages and benefits, and non-economic damages including emotional distress, mental anguish, embarrassment, humiliation, and damage to his professional reputation.

### COUNT III – FAILURE TO PROMOTE BASED ON RACE
**(Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.)**
Plaintiff Against The Procter & Gamble Manufacturing

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42. Plaintiff is an African American man and a member of a protected class under Title VII of the Civil Rights Act of 1964.

43. Plaintiff was eligible for promotion and inclusion in a calibration panel that would have furthered his career development and compensation opportunities.

44. Despite his qualifications and performance, Plaintiff was told by his manager, Obi, that he was not deserving of promotion or participation in the calibration panel, and that he would be indefinitely blocked from advancement.

45. Plaintiff's non-inclusion in the promotion process was not based on any legitimate performance or business reason.

46. Rather, similarly situated non-African American employees with comparable or lesser qualifications were promoted and included in the same processes from which Plaintiff was excluded.

47. Defendant's conduct was motivated, at least in part, by Plaintiff's race and constitutes a discriminatory failure to promote in violation of Title VII.

48. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income, diminished career prospects, emotional distress, and other compensable damages.

**COUNT IV – FAILURE TO PROMOTE BASED ON AGE**
**(Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.)**
Plaintiff Against The Procter & Gamble Manufacturing

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. At all relevant times, Plaintiff was over the age of 40 years old and a member of the protected class under the Age Discrimination in Employment Act ("ADEA").

51. Plaintiff was qualified for and eligible to participate in the promotion and calibration processes that Procter & Gamble offered to employees.

52. Despite his qualifications and performance record, Plaintiff was explicitly excluded from promotional consideration by his supervisor, who told Plaintiff that he would be blocked from advancement opportunities.

53. Younger employees, some with less experience and fewer accomplishments than Plaintiff, were permitted to participate in the calibration panel and were promoted.

54. Plaintiff's exclusion from promotion was not based on performance or company policy but was the result of age-based animus and discrimination in violation of the ADEA.

55. Defendant's conduct was willful and undertaken with reckless disregard for Plaintiff's rights under federal law.

56. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer financial loss, career stagnation, and emotional harm.

### COUNT V – RETALIATION
### (Title VII and ADEA)
Plaintiff Against The Procter & Gamble Manufacturing

57. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. Plaintiff engaged in protected activity under the ADEA by reporting age-related discrimination and differential treatment by Manager Obi and by opposing conduct he reasonably believed to violate the ADEA.

59. Plaintiff's reports to Human Resources and participation in internal complaints and investigations constituted statutorily protected activity under the ADEA.

60. In direct response to his protected activity, Defendant subjected Plaintiff to increased scrutiny, unfounded disciplinary write-ups, and ultimately, termination.

61. These retaliatory actions occurred within days and weeks of Plaintiff's protected reports and were not taken against similarly situated younger non-African American employees.

62. Defendant retaliated by disciplining and terminating Plaintiff in close temporal proximity to his complaints.

63. Defendant's actions constitute unlawful retaliation under Title VII and the ADEA.

64. Defendant's actions were motivated by Plaintiff's protected activity under the ADEA and constitute unlawful retaliation in violation of 29 U.S.C. § 623(d).

65. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer lost wages, loss of benefits, emotional distress, and other compensable injuries.

**COUNT VI – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Common Law – State of Illinois)**
Plaintiff Against The Procter & Gamble Manufacturing

66. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. At all relevant times, Plaintiff was employed by Defendant and performed his job duties in a satisfactory manner.

68. Plaintiff was terminated from his position on or about June 7, 2023.

69. Prior to his termination, Plaintiff engaged in multiple forms of protected conduct, including but not limited to:

    a. Reporting race and age discrimination, harassment, and retaliatory conduct to site and corporate Human Resources;

    b. Participating in internal HR investigations into discriminatory practices;

    c. Opposing conduct that he reasonably believed violated federal and state anti-discrimination statutes;

    d. Reporting unsafe working conditions and exercising his rights under workplace safety standards.

70. Plaintiff's termination occurred shortly after he engaged in the above-described protected activity.

71. Illinois public policy prohibits employers from terminating employees in retaliation for reporting unlawful discrimination, participating in investigations related to civil rights violations, or opposing discriminatory or unsafe practices in the workplace.

72. Plaintiff's discharge contravenes fundamental public policies reflected in federal and state statutes, including but not limited to Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), and the Illinois Human Rights Act.

73. Defendant's termination of Plaintiff was not based on legitimate business reasons but was in direct retaliation for Plaintiff's protected activity and, therefore, constitutes wrongful discharge in violation of clearly mandated public policy.

74. As a direct and proximate result of Defendant's wrongful termination, Plaintiff has suffered damages, including loss of income and benefits, reputational harm, and emotional distress.

**COUNT VII – TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY**
**(Common Law – State of Illinois)**
Plaintiff Against Obaidalla Hefeida

75. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. At all relevant times, Plaintiff had a reasonable business expectancy in continued employment with Defendant Procter & Gamble, including ongoing compensation, benefits, advancement opportunities, and participation in the company's internal promotion processes.

77. Plaintiff also had a reasonable expectation of future economic advantage in the form of merit-based wage increases, inclusion on calibration panels, and promotional consideration based on his performance and prior recognition.

78. Defendant's managerial agent, Manager Obi, knew of Plaintiff's business expectancy and deliberately interfered with it by:

   a. Threatening to block Plaintiff's promotions and advancement opportunities;

   b. Excluding Plaintiff from professional development processes such as the calibration panel;

   c. Fabricating disciplinary actions to damage Plaintiff's performance record;

   d. Retaliating against Plaintiff for reporting discrimination and workplace misconduct.

79. Manager Obi's interference was intentional and without justification, and was carried out with malice and discriminatory motive, including animus based on Plaintiff's race and age.

80. As a direct result of this interference, Plaintiff was denied promotional opportunities, isolated from advancement channels, and ultimately terminated, thereby losing the economic benefits and career progression he reasonably expected to receive.

81. Defendant is vicariously liable for the tortious acts of its managerial employee acting within the scope of his employment and in furtherance of a retaliatory and discriminatory motive.

82. As a direct and proximate result of this tortious interference, Plaintiff suffered substantial damages, including lost income, lost promotional opportunities, emotional distress, and reputational harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, J.L. FRIAR, respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following relief:

A. Reinstatement or front pay;

B. Back pay with interest;

C. Compensatory damages for emotional pain, suffering, and mental anguish;

D. Punitive damages;

E. Liquidated damages under the ADEA;

F. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws;

G. Any other relief this Court deems just and proper.

Dated: June 5, 2025,          Respectfully submitted,

/s/ Danielle A. Pinkston
_____

**PINKSTON LAW GROUP, P.C.**
Danielle A. Pinkston
Attorney for Plaintiff
30 N. Michigan Ave. Ste. #1004
Chicago, IL 60602
Tel: (773) 770-4771
Fax: (773) 770-4772
dpinkston@pinkstonlawgroup.com